Cindy K. CHAN and Hung P. Wong,
Plaintiffs–Appellants,

v.

Barbara SMITH and Clarence Alvin
Daniel Gasby, Defendants–
Appellees.

No. 13–3766.

United States Court of Appeals,
Second Circuit.

Jan. 16, 2014.

David Lawrence Berkey, Gallet Dreyer & Berkey, LLP (Jerry A. Weiss and Eugene H. Goldberg, on the brief), New York, NY, for Appellants.

Paul F. Corcoran, Davis & Gilbert LLP, New York, NY, for Appellees.

PRESENT: RALPH K. WINTER, RICHARD C. WESLEY and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants Cindy Chan and Hung Wong appeal from a decision issued by the United States District Court for the Southern District of New York (Baer, *J.*) dismissing their action for specific performance and denying as moot their motion for a preliminary injunction. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs. *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir.2011). "[W]e review a district court's decision on a motion for preliminary injunction for abuse of discretion." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 167 (2d Cir.2001). Plaintiffs–Appellants commenced this litigation in July 2013 after Defendants–Appellees failed to perform on a real estate sales contract. The sales contract, for an apartment overlooking Central Park, gave a "Scheduled Closing Date" of "on or about April 2, 2013" and was contingent on the approval of the building's Cooperative Board. The contract also contained an express cancellation provision that allowed for either party to cancel if Board approval was not obtained "30 business days" after the "Scheduled Closing Date." The provision also allowed for cancellation by either party if "the Board refused consent at any time." On May 1, the Board refused consent and on May 30, Defendants–Appellees returned the down payment to Plaintiffs–Appellants canceling the contract. In the meantime, however, the Plaintiffs–Appellants had sought reconsideration from the Board. After two requests for reconsider-

ation, the Board assented and approved the sale on June 14, 2013. As Defendants–Appellees contended that the contract was canceled, Plaintiffs–Appellants sought specific performance. The district court dismissed Plaintiffs–Appellants claims, Plaintiffs–Appellants now appeal.

The terms of the contract are unambiguous and the cancellation provision express and equitable. Nothing in the contract envisions reconsideration by the Cooperative Board or a time line that is based from any "Scheduled Closing Date" other than April 2.

The district court did not err in dismissing the amended complaint for failure to state a claim, nor did it exceed its discretion in denying as moot the motion for preliminary injunction. The judgment of the district court is hereby **AFFIRMED.**